IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-94-D

| | |
|---|---|
| PAUL YONGO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| NATIONWIDE AFFINITY INSURANCE ) | |
| COMPANY OF AMERICA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

This case comes before the court on five motions by plaintiff (DE #95, 101, 115, 130, 133) and two motions by various defendants (DE #108, 112). The motions were referred to the undersigned for review and decision under 28 U.S.C. § 636(b)(1)(A). For the reasons set forth below, the court will allow two of the motions (DE #108, 112), allow in part and deny in part one motion (DE #130), and deny the remaining four motions (DE #95, 101, 115, 133).

## BACKGROUND

In this diversity action, plaintiff asserts claims arising from two automobile accidents, one occurring on 4 June 2005 and the other on 9 February 2006. He seeks compensatory damages for personal injuries and related losses, and punitive damages. Plaintiff filed the original complaint on 3 April 2007 (DE #6) (after allowance of his motion to proceed *in forma pauperis*), his first amended complaint on 6 April 2007 (DE #7), and a second amended complaint on 11 June 2007 (DE #32).

In the second amended complaint, plaintiff names eleven defendants. The defendants associated with the 2006 accident are: LaTonya Michele McNeil ("McNeil"), the other driver, who was uninsured; Nationwide Affinity Insurance Company of America ("Nationwide Affinity"), the uninsured motorist ("UM") coverage carrier; Stephen S. Rasmussen ("Rasmussen"), president of

Nationwide Affinity; Arthur Walters ("Walters"), the agent who sold plaintiff the Nationwide Affinity policy at issue, and J. Carter Glass ("Glass"), the managing officer of the agency which employed Walters; Rhonda Hogge ("Hogge") and Carol Martin ("Martin"), the Nationwide Affinity adjusters who handled plaintiff's UM claim; and Nationwide Insurance Loss Adjusters/Claims ("Loss Adjusters"), an apparently unincorporated claims department of Nationwide Affinity and defendant Nationwide Mutual Insurance Company ("Nationwide Mutual"). The defendants associated with the 2005 accident are: Harold C. Rhudy ("Rhudy"), the other driver; Nationwide Mutual, Rhudy's liability carrier; Rasmussen, president of Nationwide Mutual; Sharen Davis-Henley ("Henley"), the Nationwide Mutual adjuster who handled plaintiff's claim for the 2005 accident; and the Loss Adjusters.[1]

All the defendants except the two other drivers – Rhudy and McNeil – are referred to herein as the "Nationwide defendants" and are represented by the same counsel. McNeil has not been served with process (DE #79, p. 9) and has not herself appeared, although Nationwide Affinity is appearing as an unnamed defendant acting in the name of NcNeil, pursuant to N.C.G.S. § 20-279.21(b)(3)a (in addition to appearing in its own name).[2] Rhudy has his own counsel.

The scheduling order, entered on 9 August 2007, established 31 December 2007 as the deadline for discovery. (DE #80, p. 2 ¶ 2). All potentially dispositive motions were required to be filed by 15 January 2008. (*Id.*, p. 3 ¶ 8).

---

[1] The original complaint named as defendants Martin and Hogge, and the first amended complaint Martin, Hogge, Henley, Walters, and Nationwide Affinity.

[2] This order addresses actions by or directed to Nationwide Affinity as actions relating to it, subject to the understanding that it is appearing in a dual capacity. The order addresses actions by or directed to McNeil in her own capacity as actions relating to her. *See Grimsley v. Nelson*, 342 N.C. 542, 546-47, 467 S.E.2d 92, 95 (1996) (UM carrier is separate party from uninsured motorist and appearance by UM carrier in name of uninsured motorist is not an appearance by uninsured motorist)).

2

During the discovery period, plaintiff served requests for admissions on all defendants except McNeil and they responded. (*See* DE #101). Plaintiff has also served interrogatories. Nationwide Affinity, Nationwide Mutual, Loss Adjusters, Glass, and Rhudy were served with and responded to an initial set of interrogatories. (*See* DE #100, 118-2, 120-2). Rasmussen and Walters were served with the same set and have not responded. (*See* DE #108, 112). A second set of interrogatories has also been served on Rhudy, which he has not answered. (*See* DE #145-2).

On 20 August 2007, plaintiff appealed to the Fourth Circuit (DE #87) from an interlocutory order in this case (DE #84), but the appeal was dismissed on 27 November 2007 (DE #137). Plaintiff also appealed to the Fourth Circuit (DE #128) from an order (DE #104) denying plaintiff's motion to quash (DE #103) an order by the Clerk (DE #98) allowing the Nationwide defendants an extension of time to answer interrogatories. The Fourth Circuit has not yet ruled in this appeal.

Numerous dispositive motions are pending. Specifically, plaintiff has filed a motion for summary judgment against all defendants (DE #150). Walters has filed a motion to dismiss (DE #110), and the remaining Nationwide defendants have filed a motion for judgment on the pleadings or, in the alternative, summary judgment (DE #106, 118, 120, 122, 124).

## DISCUSSION

### I. Motions Regarding Continuation of Discovery Pending Decision on Dispositive Motions (DE #95, 108, 112, 115)

Walters and Rasmussen have both filed motions (DE #112, 108) for a protective order staying their obligation to respond to plaintiff's first set of interrogatories pending resolution of their respective dispositive motions. Plaintiff has filed a memorandum apparently opposing both motions

3

(DE #148). He also filed a separate motion requesting that the ruling on Rasmussen's dispositive motion be deferred pending further discovery (DE #115).

Rule 26(c) of the Federal Rules of Civil Procedure[3] authorizes the court to issue orders establishing an array of limitations on discovery. A court may properly exercise its discretion under Rule 26(c) to stay discovery pending resolution of dispositive motions. *Tilley v. United States*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003), *aff'd*, 85 Fed. Appx. 333 (4th Cir. 15 Jan. 2004), *cert. denied*, 543 U.S. 819 (2004). Factors favoring issuance of a stay include the potential for the dispositive motion to terminate all the claims in the case or all the claims against particular defendants, strong support for the dispositive motion on the merits, and irrelevancy of the discovery at issue to the dispositive motion. *See id.* at 735; *Simpson v. Specialty Retail Concepts, Inc.*, 121 F.R.D. 261, 263 (M.D.N.C. 1988). Conversely, discovery ordinarily should not be stayed when it is necessary to gather facts in defense of the motion. *Tilley*, 270 F. Supp. 2d at 734; *Simpson*, 121 F.R.D. at 263.

Walters' motion to dismiss seeks dismissal on the grounds of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process. (*See* DE #110, 111). If allowed, Walters' motion would obviously terminate his involvement in this case. There is substantial support in the record for the motion, including Walters' affidavit (*see* attach. to DE #63).

At the same time, the interrogatories plaintiff served on Walters – the same set he served on other defendants – would have no bearing on the issues presented by Walters' motion. The interrogatories seek the identity of the person answering the interrogatories, background information

---

[3] The references to the Federal Rules of Civil Procedure in this order reflect the amendments that went into effect in December 2007, which were intended to be only stylistic or technical in nature. Fed. R. Civ. P. 1 advisory comm. notes (2007 amend.).

on the defendant to whom the interrogatories are directed, information on any statements by plaintiff, expert witness information, and detailed information regarding accidents. (*See* DE #89). The court therefore finds that plaintiff does not need answers by Walters to his interrogatories to be able to defend against Walters' dismissal motion. Although plaintiff contends that Walters' motion was tardy, it was filed (on 25 October 2007) within the extended deadline (28 October 2007) for Walters' answers (*see* DE #98).

Under these circumstances, it is appropriate that Walters' obligation to respond to the interrogatories be stayed pending resolution of Walters' dismissal motion. Walters' motion for a protective order is accordingly ALLOWED and his obligation to respond to plaintiff's first set of interrogatories is STAYED pending ruling by the court on Walters' motion to dismiss.

Rasmussen's motion for judgment on the pleadings is based on the contention that the second amended complaint fails to allege that Rasmussen committed any actionable wrong. (*See* DE #106, p. 1; 107, pp. 4-5). The second amended complaint expressly alleges wrongdoing by "Rasmussen's organization," but not by him personally. (*See* DE #32, p. 2, item 1). The alternative motion for summary judgment is based on the ground that plaintiff has no legally recognizable right to proceed against him until after plaintiff obtains a final judgment against McNeil or Rhudy, citing basic principles of North Carolina law. (*See* DE #106, p. 1; 107, pp. 5-10). The alternative motion is supported by, among other things, an affidavit (of Brad A. Coble) authenticating the two insurance policies at issue (DE #106-2) and the pleadings. (DE #106). In his motion to defer the ruling on Rasmussen's dispositive motions, plaintiff argues that these motions are on their face deficient because the record shows that there are issues of material fact for resolution by a jury. The court disagrees and finds that there is a substantial basis for Rasmussen's motion and alternative motion.

5

The interrogatories served on Rasmussen are the same as those discussed above. They are not material to the issues presented in Rasmussen's motion. Moreover, with a few exceptions, the interrogatories relate to the case generally, rather than Rasmussen specifically, and they have already been answered by other defendants. In addition, discovery by definition is not permitted on the motion for judgment on the pleadings (although it could conceivably be used in a proper case to show that judgment on the pleadings is not appropriate). In his motion to defer, plaintiff contends that he needs the interrogatory answers from Rasmussen to be able to defend against his dispositive motions, but no such showing has been made. The court accordingly finds that plaintiff does not need Rasmussen's answers to the interrogatories to be able to defend against Rasmussen's dispositive motions.

Plaintiff further contends that the ruling on Rasmussen's motion should be deferred because of his 20 August 2007 appeal to the Fourth Circuit, but that appeal has now been dismissed, as discussed above. While his subsequent appeal has not yet been ruled upon, no stay pending that ruling has been issued. Lastly, plaintiff contends that Rasmussen's motion for a protective order is tardy. This contention is meritless for the same reasons discussed with respect to Walters' motion for a protective order.

Rasmussen's motion for a protective order is accordingly ALLOWED and plaintiff's motion to defer ruling on Rasmussen's dispositive motions is DENIED. Rasmussen's obligation to respond to plaintiff's first set of interrogatories is STAYED pending ruling by the court on Rasmussen's motion for judgment on the pleadings and alternative motion for summary judgment.

The court is aware that plaintiff himself filed a motion for a protective order that appears to include a request for a stay pending resolution of all dispositive motions. (DE #95, p. 2). However,

6

the court finds that to the extent plaintiff sought a stay of discovery in that motion it has no application under the present circumstances.

Among other reasons, plaintiff filed his motion before Walters and Rasmussen had filed their dispositive motions. Although plaintiff states in his motion that dispositive motions by defendants were pending, none were. Now that defendants have filed dispositive motions, plaintiff asks that discovery, at least as to Rasmussen, continue pending the court's ruling.

Moreover, the motions by plaintiff which are characterized as dispositive in his motion for protective order were, in fact, interlocutory motions dealing primarily with service of process issues, including specifically a purported motion for summary judgment. (*See* DE #79, p. 3). This court had denied these motions and they were pending only in the limited sense that plaintiff's appeal from this court's rulings to the Fourth Circuit had not yet been dismissed, as it eventually was. (*See* DE #79, 84, 87, 137). For this and the other reasons discussed, the request for a stay of all discovery in plaintiff's motion for a protective order is DENIED, subject to the stays otherwise provided for in this order.

## II. Plaintiff's Motion to Limit Scope of Discovery (DE #95)

As part of his motion for protective order (DE #95, p. 3), plaintiff requests that the court exclude various matters from the scope of discovery. The motion is not made in response to specific discovery requests, but seeks to impose subject matter limitations on discovery across the board. This portion of plaintiff's motion is meritless.[4]

---

[4] The court recognizes that the extent to which there will be further discovery in this case is uncertain. As indicated, all but one of the appearing defendants has a dispositive motion pending and, by this order, the court is ordering that the only outstanding discovery requests be stayed. In addition, the deadline for discovery set in the scheduling order, 31 December 2007, has long since passed. (*See* DE #80, p. 2 ¶ 3). Nevertheless, plaintiff's request to limit discovery is ripe for adjudication and its determination would facilitate further discovery if it is undertaken. The court has therefore elected to rule on plaintiff's request.

With respect to several topics, plaintiff's motion represents an attempt to rehash issues litigated and resolved against plaintiff in connection with the court's adoption of a scheduling order (DE #80). Specifically, the Nationwide defendants submitted a proposed plan (DE #66), to which Rhudy had no objections; plaintiff filed a response objecting to defendants' proposed plan (DE #74); the court heard argument on the objections and discussed them in detail with plaintiff at an extended status conference on 2 August 2007 (DE #78); and the court entered the scheduling order on 9 August 2007. Plaintiff objected specifically, as he does in the instant motion, to including within the scope of discovery his prior medical history, medical treatment and bills regarding the accidents at issue, and his citizenship. (DE #74, p. 4 ¶¶ 2, 3, 5). The court overruled these objections, directing in the scheduling order that these topics be included within the scope of discovery. *(See* DE #80, p. 2 ¶ 2).[5] As the scheduling order reflects, these topics fall squarely within the scope of discovery established by Rule 26(b)(1) of the Federal Rules of Civil Procedure – namely, any non-privileged matter that is relevant to any party's claim or defense. (*Id.*). Plaintiff's medical history, treatment, and bills are relevant to his claims for damages for personal injury, and plaintiff's citizenship is relevant to all of his claims because he is relying on the court's diversity jurisdiction (plaintiff claims Kenyan citizenship).

The other topics plaintiff seeks to exclude also fall within the scope of discovery set out in Rule 26(b)(1). These include information on his litigation history and criminal record, if any, which are relevant to his credibility.

---

[5] In his motion (DE #95, p. 1 ¶ (1)), plaintiff states that "no ruling has been made upon [his objections] yet." As the court's discussion indicates, this statement is erroneous. The scheduling order reflects the court's ruling on plaintiff's objections.

8

The motion also requests that the court bar depositions and the use of expert testimony. The Federal Rules of Civil Procedure expressly provide for the use of both, and the blanket request that they not be permitted is baseless. *See* Fed. R. Civ. P. 26(a)(2), 30. For this and the other reasons discussed, plaintiff's request for limitation of the scope of discovery is DENIED.

### III. Plaintiff's Motion to Deem Requests for Admissions Admitted (DE #101)

In his motion regarding his admission requests (DE #101), plaintiff asks the court to find admitted the requests for admissions he served on Rhudy and the Nationwide defendants because their responses were signed by their respective counsel and not verified. Rhudy and the Nationwide defendants have filed memoranda opposing the motion (DE #116, 117).

Rule 36 of the Federal Rules of Civil Procedure, which governs requests for admissions, does not require that answers to requests for admissions be made under oath. It requires simply that the answer or objection by the responding party be "signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). It is answers to interrogatories, as opposed to answers to requests for admissions, that must be made under oath. *See* Fed. R. Civ. P. 33(b)(3) ("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath."). This portion of plaintiff's motion is therefore DENIED.

Plaintiff also requests in his motion that the court overrule the objections in the response by the Nationwide defendants to request for admission no. 24. That request sought the admission that "Total coverage and liabilities covered upon the plaintiff by the insured exceeds $75,000.00 including medical bills and expenses." (DE #116-2, p. 9 no. 24). The Nationwide defendants objected that they did not understand the request: "This request is objected to on the grounds that it is vague, ambiguous, and unclear concerning precisely what plaintiff is asking defendants to admit."

9

(*Id.*). Subject to the objection, however, they went on to provide three alternative substantive answers based on differing possible interpretations of the request.[6] (*Id.*, pp. 9-10 no. 24).

The court finds that the request for admission is "vague, ambiguous, and unclear," as the Nationwide defendants state. The ambiguities include the meaning of the phrases "total coverage and liabilities covered upon plaintiff" and "by the insured." Notwithstanding this fundamental lack of clarity, the Nationwide defendants went the extra mile to provide alternative answers based on what the request might mean. Plaintiff's challenge to the objection is therefore meritless, the objection is sustained, and this remaining portion of plaintiff's motion is DENIED.

### IV. Plaintiff's Motion to Strike Affidavits (DE #133)

In his motion to strike affidavits (DE #133), plaintiff asks the court to strike various affidavits and interrogatory answers filed by the Nationwide defendants in support of their motions for judgment on the pleadings or, in the alternative, summary judgment on the grounds that they were made in bad faith. The Nationwide defendants filed a memorandum in response (DE #144) and plaintiff filed a memorandum in reply (DE #148, p. 3).

By grounding his motion on alleged bad faith, plaintiff appears to be proceeding under Rule 56(g) of the Federal Rules of Civil Procedure. It requires that the court impose on a party which files affidavits in bad faith the reasonable expenses incurred by the other party as a result of the affidavits. Fed. R. Civ. P. 56(g); *see generally* 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2742 (3d ed. 1998). The term "bad faith" connotes an action taken

---

[6] "Without waiving this objection and expressly subject to it, these defendants answer as follows: (a) if plaintiff is asking defendants to admit that the amount in controversy in this action exceeds $75,000, the request is denied; (b) if plaintiff is asking defendants to admit that the limits of the UM coverage under the Nationwide Affinity Insurance Company of America policy (the only policy insuring plaintiff for purposes of either accident) exceed $75,000, the request is denied; and (c) if plaintiff is asking defendants to admit that he is entitled to recover from any defendant in an amount exceeding $75,000, the request is denied." (DE #116-2, pp. 9-10 no. 24).

10

without any colorable legal or factual basis. *Bowers v. Rector and Visitors of Univ. of Va.*, No. 3:06 CV 00041, 2007 WL 2963818, at *3 (W.D. Va. 9 Oct. 2007). The standard is a subjective one and requires the offending party to know that the affidavit was improper. *Id.* In addition, the showing of bad faith must be by clear evidence. *Id.*, at *4. Rule 56(g) does not provide, at least explicitly, for the striking of affidavits made in bad faith.[7] *See Kirby v. Gen. Elec. Co.*, 210 F.R.D. 180, 189 (W.D.N.C. 2000), *aff'd*, 20 Fex. Appx. 167 (4th Cir. 9 Oct. 2001).

Application of these principles to the challenged materials shows that there is no basis for the contention that they were filed in bad faith. The affidavits of Martin, Hogge, and Henley, all claims representatives of one of the defendant Nationwide companies, purport simply to describe their jobs along with matters relating to service of process. (*See* attach. to DE #63). The affidavit of Walters purports to identify himself as a former employee of Glass's insurance agency and, as with the preceding affidavits, addresses facts regarding service of process. (*See* attach. to DE #63). The affidavit of Brad A. Coble (DE #106-2), a supervisor for support services for the defendant Nationwide companies, serves simply to authenticate the two insurance policies relating to this case. Plaintiff offers no facts indicating that these affidavits were in any way made in bad faith. He argues that the affidavits are contradicted by other evidence or otherwise lack convincing force, but that alleged circumstance obviously does not rise to the level of bad faith.

Although plaintiff's motion refers to affidavits by counsel for the Nationwide defendants, George L. Simpson, III (*see* attach. to DE #63), and in-house counsel for the Nationwide group of

---

[7] Failure of an affidavit to comply with the requirements of Rule 56(e) – namely, that the affidavit be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify about the matters stated – does subject the affidavit to being stricken, but plaintiff does not allege or show that the affidavits in question fail to meet these requirements. *See* Fed. R. Civ. P. 56(e); *Lumoa v. Potter*, 351 F. Supp. 2d 426, 430 (M.D.N.C. 2004).

11

insurance companies, Kennedy J. Gilly, Jr. (DE #23-4), these affidavits are not relied upon in support of the alternative motions for summary judgment. *(See* DE #144, p. 1). Plaintiff suggests that these affidavits are improper because they are by counsel, but Mr. Simpson's affidavit deals with the formalistic and straightforward issue of non-service of the amended complaints on him by plaintiff and Mr. Gilly does not represent any party in this litigation. These affidavits therefore do not run afoul of the prohibition against an attorney in a case also serving as a witness. *See* Local Civ. Rule 7.1(h); N.C. R. Prof. Conduct 3.7(a)(1).

Plaintiff challenges the interrogatory answers by the Nationwide defendants (DE #118-2), but has adduced no evidence demonstrating that they are were submitted in bad faith. He also contends that the answers violate the prohibition against attorneys serving as both advocates and witnesses because the person who answered the interrogatories, Kim Crawford, is a litigation specialist for the Nationwide group of companies. *See* Local Civ. Rule 7.1(h); N.C. R. Prof. Conduct 3.7(a)(1); (DE #118-2, p. 2). Again, Ms. Crawford is not associated with counsel of record in this case, but with parties, and the prohibition does not apply to Ms. Crawford. It is, of course, questionable whether Rule 56(g) even applies to interrogatories at all since the rule speaks expressly only of affidavits. The certification requirements of Rule 26(g)(1) of the Federal Rules of Civil Procedure do apply to the interrogatory answers,[8] but no violation of this certification has been shown. For this and the other reasons stated, plaintiff's motion to strike is DENIED.

---

[8] The provision reads in relevant part: "By signing, an attorney or party certifies that to the best of the person's knowledge, information, and belief, formed afer a reasonable inquiry: . . . (B) with respect to a discovery request, response, or objection, it is: (i) consistent with these rules and warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law; (ii) not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . ." Fed. R. Civ. P. 26(g)(1)(B)(i), (ii).

## V. Plaintiff's Motion for Leave to Respond (DE #130)

In his motion for leave to respond (DE #130), plaintiff seeks in part an extension of time to respond to the pending dispositive motions by the Nationwide defendants. These defendants have responded, stating that plaintiff is not entitled to any relief because plaintiff has already filed memoranda opposing their dispositive motions (DE #135).

Review of the record shows that plaintiff has responded to each dispositive motion with either two or three memoranda, including a memorandum filed on 10 December 2007 responding to all the motions (DE #148). Specifically, he responded to the motion by Rasmussen (DE #106), filed 25 October 2007, by memoranda filed 29 October 2007 (DE #114),[9] 16 November 2007 (#134), and 10 December 2007 (DE #148); the motion by Walters (DE #110), filed 25 October 2007, by memoranda filed 2 November 2007 (DE #127) and 10 December 2007 (DE #148); the motion by the Nationwide companies (DE #118), filed 2 November 2007, by memoranda filed 16 November 2007 (DE #134) and 10 December 2007 (DE #148); the motion by Glass (DE #120), filed 2 November 2007, by memoranda filed 16 November 2007 (DE #134) and 10 December 2007 (DE #148); the motion by Hogge and Martin (DE #122), filed 2 November 2007, by memoranda filed 16 November 2007 (DE #134) and 10 December 2007 (DE #148); and the motion by Henley (DE #122), filed 2 November 2007, by memoranda filed 16 November 2007 (DE #134) and 10 December 2007 (DE #148). All the dispositive motions were served on plaintiff by mail on the date of filing.

---

[9] As noted in the docket sheet (after DE #115), DE #114 is the same document as DE #115, plaintiff's motion for deferral of the ruling on Rasmussen's motion for judgment on the pleadings and, alternatively, summary judgment.

Plaintiff's submission of more than one response to each of the dispositive motions violated the local rules, which permit only a single response. *See* Local Civ. Rule 7.1(e), E.D.N.C. ("Any party may file *a* written response to any motion") (emphasis added). In addition, the one response addressing all the motions (DE #148) was filed after the 23-day deadline from the time of service of each motion. *See id.* (e)(1); Fed. R. Civ. P. 5(b)(2)(C), 6(d). To the extent that plaintiff's motion seeks leave to file the multiple responses and to file the one response tardily, it is ALLOWED, and all such filings are deemed timely filed. The motion is otherwise DENIED. Plaintiff shall not file any further responses to the dispositive motions.

Plaintiff's motion also requests that another summons be issued to McNeil.[10] The court previously determined, by order entered 9 August 2007 (DE #79, p. 9), that McNeil had not been served. The Nationwide defendants oppose permitting issuance of another summons to McNeil. (*See* DE #135).

Under Rule 4(m), a plaintiff is required to serve the summons and complaint upon a defendant within 120 days after filing of the complaint. Fed. R. Civ. P. 4(m). The 120-day period is restarted by the filing of an amended complaint as to any defendant newly added in the amended complaint. *E.g., Bolden v. City of Topeka*, 441 F.3d 1129, 1148-49 (10th Cir. 2006). If the 120-day deadline is not met, the court may dismiss the action without prejudice as to an unserved defendant. *Id.* However, the court must extend the time for service if plaintiff shows good cause for the failure to make service. *Id.* Even in the absence of good cause, the court retains discretion to allow tardy service of process. *Lane v. Lucent Techs., Inc.*, 388 F. Supp. 2d 590, 596-97 (M.D.N.C. 2005)

---

[10] A motion for issuance of a summons was necessary because, in light of the manner in which plaintiff had previously sought summonses from the Clerk, the court ordered that the Clerk not issue any further summonses without approval of a judge. (DE #79, p. 12 ¶ 1).

14

(explaining present invalidity of holding in *Mendez v. Elliot*, 45 F.3d 75, 78 (4th Cir. 1995) that dismissal is mandatory absent good cause); *Melton v. Tyco Valves & Controls, Inc.*, 211 F.R.D. 288, 289-90 (D. Md. 2002) (same).

Here, plaintiff first named McNeil in the second amended complaint, filed 11 June 2007 (DE #32). The deadline for service of process on McNeil was therefore 9 October 2007. Service of a summons on McNeil now would therefore obviously be tardy.

However, review of the relevant activities of record show that good cause exists for allowing plaintiff additional time to serve McNeil. On 18 June 2007, a week after the filing of the second amended complaint, plaintiff procured a summons addressed to McNeil at a Raleigh address (DE #35). The next day, the United States Marshals Service ("Marshals Service") received the summons for service by certified mail,[11] but notice was filed on 12 July 2007 that the mailing had been returned undelivered and, as indicated, the court found in its 9 August 2007 ruling that McNeil had not been served. (*See* DE #58; 79, p. 9).

Twenty days later, on 29 August 2007, still well within the 120-day period, plaintiff served interrogatories on the defendants who had appeared. These interrogatories sought McNeil's address. (DE #89, p. 9 no. 6). The original deadline for the responses to the interrogatories was 1 October 2007, but the Nationwide defendants obtained an extension until 28 October 2007.[12] (*See* DE #98). When the Nationwide defendants responded on 25 October 2007, they stated that they did not know McNeil's current address. (*See* DE #89, p. 10 no. 6). Within less than two weeks, plaintiff moved

---

[11] By order entered 2 April 2007 (DE #4), the court allowed plaintiff's application to proceed *in forma pauperis* and directed the Marshals Service to serve process on his behalf.

[12] Rhudy apparently responded by the original deadline and presumably did not provide an address for McNeil. (*See* DE #146, p. 1).

15

for issuance of another summons to McNeil at a different address, one in Cary. Plaintiff characterizes the Cary address as "newly identified" (DE #130, p. 1), but does not otherwise substantiate that McNeil is actually there.

The record therefore shows that plaintiff acted promptly after the second amended complaint was filed to attempt service on McNeil; served interrogatories seeking McNeil's address within three weeks after the court ruled that service had not been effected; and then moved promptly after the interrogatory answers were served for issuance of a summons to McNeil at the "newly identified" Cary address. The motion for the new summons came less than a month after expiration of the 120-day service deadline. Considered in light of plaintiff's pro se status, the court finds that these activities demonstrate minimally adequate diligence on plaintiff's part to merit extension of the deadline for the relatively brief period that existed at the time the motion was filed. *See Lane*, 388 F. Supp. 2d at 598.

Even if good cause were deemed not to exist, these same considerations would lead the court to exercise its discretion to permit issuance of the summons. *See, e.g., Beauvoir v. U.S. Secret Serv.*, 234 F.R.D. 55, 58 (E.D.N.Y. 2006) (setting out factors relevant to exercise of discretion); *In re Goins*, No. 05-5055, 2006 WL 2089922, at *5 (Bankr. E.D. Tenn. 6 July 2006) (same); Fed. R. Civ. P. 4(m) advisory comm. notes (1993 amend.) (same). Effective service on McNeil would promote judicial economy by resulting in all parties named in plaintiff's claims being brought before the court in the instant case. *See Bayco Products, Ltd. v. Tap Enterprises, Inc.*, No. Civ.A.3:04CV789-L, 2005 WL 1489933, at *4 (N.D. Tex 22 June 2005) ("a dismissal without prejudice of this case would be an injudicious use of the parties' and the court's time and resources, as [plaintiff] Bayco could simply refile and timely serve [defendant] Tap"). The court also takes judicial notice that a

publically available website for locating people lists for a person bearing the name "Latonya Mcneil" the new address (without apartment number) plaintiff has provided for McNeil. *See* http://whitepages.aol.com; Fed. R. Evid. 201(b)(2), (c). There accordingly appears to be a rational basis upon which to conclude that McNeil may be at this address.

The court does not believe that service on McNeil would prejudice her, beyond the inherent prejudice in having to defend the suit. The court retains the ability to adjust the case schedule to accommodate her being served. Nor does the court perceive any prejudice to the other defendants aside from a possible modest delay in proceedings in this case, particularly if service would help preclude refiling of plaintiff's claims.

In certain cases, extension of the time for service is warranted because the plaintiff's claims would otherwise automatically be barred by application of the statute of limitations. *E.g., Toland v. Potter*, No. 05-2409-JWL, 2006 WL 1300998, at *1 (D. Kan. 9 May 2006). That circumstance is not present here because the applicable statute of limitations for plaintiff's claims against McNeil is three years from the date of the accident in 2006, *see Thomas v. Washington*, 136 N.C. App. 750, 754, 525 S.E.2d 839, 842, *rev. denied*, 352 N.C. 598 (2000).[13] The absence of a limitations issue does not, of course, preclude the extension given the other considerations discussed.

The portion of plaintiff's motion for leave to respond seeking issuance of a summons to McNeil is therefore ALLOWED. The Clerk shall send to plaintiff with a service copy of this order a form summons for McNeil for plaintiff to complete using her purported Cary address; plaintiff shall return the completed summons to the Clerk no later than 7 March 2007 for issuance; upon

---

[13] The court expresses no opinion on whether the amendment to the complaint adding McNeil relates back to the date of commencement of the action. *See* Fed. R. Civ. P. 15(c).

17

receipt of the completed summons from plaintiff, the Clerk shall issue the summons to McNeil and deliver it and a copy of the second amended complaint to the Marshals Service for service on McNeil; and the Marshals Service shall attempt service of the summons and second amended complaint on McNeil and file the return for such service no later than two weeks after issuance of the summons.

## CONCLUSION

For the reasons and on the terms stated above, IT IS ORDERED as follows: (1) the motions for protective order by Rasmussen (DE #108) and Walters (DE #112) are ALLOWED; (2) plaintiff's motion for leave to respond (DE #130) is ALLOWED in PART and DENIED in PART; and (3) plaintiff's motions for a protective order (#95), to deem requests for admissions admitted (DE #101), to defer ruling on Rasmussen's dispositive motions (DE #115), and to strike affidavits (DE #133) are DENIED.

This the 25th day of February, 2008.

James E. Gates
United States Magistrate Judge