IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-CV-94-D

| | |
|---|---|
| PAUL YONGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| NATIONWIDE AFFINITY INSURANCE | ) |
| COMPANY OF AMERICA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

In this diversity action, plaintiff asserts claims for compensatory and punitive damages arising from two automobile accidents, one occurring on 4 June 2005 and the other on 9 February 2006. The defendants associated with the 2006 accident are: LaTonya Michele McNeil ("McNeil"), the other driver, who was uninsured; Nationwide Affinity Insurance Company of America ("Nationwide Affinity"), the uninsured motorist ("UM") coverage carrier; Stephen S. Rasmussen ("Rasmussen"), president of Nationwide Affinity; Arthur Walters ("Walters"), the agent who sold plaintiff the Nationwide Affinity policy at issue, and J. Carter Glass ("Glass"), the managing officer of the agency which employed Walters; Rhonda Hogge ("Hogge") and Carol Martin ("Martin"), the Nationwide Affinity adjusters who handled plaintiff's UM claim; and Nationwide Insurance Loss Adjusters/Claims ("Loss Adjusters"), an apparently unincorporated claims department of Nationwide Affinity and defendant Nationwide Mutual Insurance Company ("Nationwide Mutual"). The defendants associated with the 2005 accident are: Harold C. Rhudy ("Rhudy"), the other driver; Nationwide Mutual, Rhudy's liability carrier; Rasmussen, president of Nationwide Mutual; Sharen Davis-Henley ("Henley"), the Nationwide Mutual adjuster who handled plaintiff's claim for the 2005 accident; and the Loss Adjusters.

All the defendants except the two other drivers – Rhudy and McNeil – are referred to herein as the "Nationwide defendants" and are represented by the same counsel. McNeil has not been served with process (DE #79, p. 9) and has not herself appeared, although Nationwide Affinity is appearing as an unnamed defendant acting in the name of NcNeil, pursuant to N.C.G.S. § 20-279.21(b)(3)a (in addition to appearing in its own name).[1] Rhudy has his own counsel.

The case is now before the court on plaintiff's motion ("Mot.") (DE #100) for entry of default against all the defendants except Rhudy, apparently pursuant to Rule 37(a)(3)(B)(iii) or (d)(1)(A)(ii) of the Federal Rules of Civil Procedure.[2,3] The motion is based on the alleged failure of these defendants to respond timely to plaintiff's first set of interrogatories ("Int.") (DE #89).[4] The Nationwide defendants have filed a response in opposition to plaintiff's motion ("Resp.") (DE #102).[5] The motion was referred to the undersigned for a memorandum and recommendation,

---

[1] This Memorandum and Recommendation addresses actions by or directed to Nationwide Affinity as actions relating to it, subject to the understanding that it is appearing in a dual capacity. The Memorandum and Recommendation addresses actions by or directed to McNeil in her own capacity as actions relating to her. *See Grimsley v. Nelson*, 342 N.C. 542, 546-47, 467 S.E.2d 92, 95 (1996) (UM carrier is separate party from uninsured motorist and appearance by UM carrier in name of uninsured motorist is not an appearance by uninsured motorist)).

[2] Except for references to the Local Rules of this court, all references to rules are to the Federal Rules of Civil Procedure as amended effective 1 December 2007. Such amendments were intended to be only stylistic or technical in nature. Fed. R. Civ. P. 1 advisory comm. notes (2007 amend.).

[3] Although plaintiff cites to Rule 37(a), which deals with motions seeking to compel responses, he does not ask for this relief. Rather, the gravamen of his motion is sanctions for failure to respond to discovery, which is addressed in Rule 37(d). Plaintiff also cites to Rules 54 and 55 but these rules have nothing to do with the purported failure to answer discovery timely. Fed. R. Civ. P. 54, 55. Plaintiff further relies on Rule 11 despite the express statement in subsection (d), entitled "Inapplicability to Discovery," that "this rule does not apply to disclosures and discovery requests, responses, objections, and motions under Rules 26 through 37." Fed. R. Civ. P. 11(d); *see* Fed. R. Civ. P. 26(g)(1) (certification effected by signature of discovery requests, responses, and objections).

[4] Rhudy apparently responded by the original deadline. (*See* DE #146, p. 1).

[5] In a reply (DE #105), plaintiff contends that the Nationwide defendants' response to the instant motion is tardy, a contention these defendants deny (DE #132). The motion was served on the Nationwide defendants through the court's electronic filing system on the date of filing, 28 September 2007. (*See* elec. recpt. at DE #100). The response was therefore due 23 days later on 21 October 2007. Local Civ. Rule 7.1(e)(1), E.D.N.C.; Fed. R. Civ. P. 5(b)(2)(E), 6(d). The response was filed on 18 October 2007 and is therefore timely.

pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons set forth below, it is recommended that the motion be denied.

## DISCUSSION

The court finds that plaintiff's motion fails, before even reaching the question of tardiness raised by plaintiff. As indicated, McNeil has not been served with process and has not herself appeared. She is not subject to plaintiff's interrogatories and, in any event, the court lacks personal jurisdiction to enter a default against her. In addition, plaintiff's motion fails to include the certifications required by both Federal Civil Rule 37 and the Local Civil Rules to the effect that before filing his motion he conferred in good faith with the opposing parties in an effort to obtain the interrogatory responses he sought. *See* Fed. R. Civ. P. 37(a)(1), (d)(1)(B); Local Civ. Rule 7.1(c), E.D.N.C.

With respect to the gravamen of plaintiff's motion – that the interrogatory responses were not timely served – the principal events are as follows. On 29 August 2007, plaintiff mailed to counsel for the Nationwide defendants his first set of interrogatories, pursuant to Rule 5(b)(2)(B). (Int., p. 9; Mot., p. 1; Resp., p. 1). He also filed the interrogatories with the court on the same day, which were then served on counsel pursuant to the court's electronic filing system, in accordance with Rule 5(b)(2)(E). (*See* elec. recpt. at DE #89).

Under Rule 33(b)(2), a party served with interrogatories must serve its answers and objections within 30 days after service. Under Rule 6(d), an additional three days is added to this period when, as here, the party is served by mail or consensual electronic means. *See* Fed. R. Civ. P. 5(b)(2)(C), (E). The service deadline for the Nationwide defendants' response to the interrogatories was therefore 33 days from 29 August 2007, which was 1 October 2007.

3

Prior to expiration of this deadline, on 24 September 2007, the Nationwide defendants filed a motion (DE #96) for enlargement of the time for these defendants to serve their responses. The Clerk allowed the motion by order entered 28 September 2007 (DE #98) and extended the deadline to 28 October 2007.[6] Plaintiff filed his motion on 28 September 2007 claiming that the subject defendants were then in default.

As this review of relevant events indicates, plaintiff's claim of lack of timely service suffers from several fatal flaws. First, the motion erroneously assumes 28 September 2007 as the deadline for the defendants' responses. In fact, the deadline was actually a month later.

In addition, the motion wrongfully treats the service deadline for answers and objections to interrogatories as the date by which the opposing party must actually receive them. In fact, of course, interrogatory responses, like other discovery responses, may properly be served by mail, which will result in their receipt by the opposing party a day or more after the deadline. *See* Fed. R. Civ. P. 5(b)(2)(C). Because discovery responses may not ordinarily be filed with the court, non-filing of responses by the service deadline also does not necessarily show that the responses are late. *See id.*(d)(1); Local Civ. Rule 26.1(a), E.D.N.C.

Irrespective of the applicable deadline, plaintiff's motion errs in its basic contention that the interrogatory responses were late. The record shows that Nationwide Affinity, Nationwide Mutual, Loss Adjusters, and Glass served their responses to the interrogatories by the 28 October 2007 deadline. (DE #118-2, p. 17; DE #120-2, p. 11). Both Rasmussen and Walters filed motions (DE #108, 112) prior to the response deadline for a protective order relieving them of the obligation to

---

[6] Plaintiff subsequently filed a motion to quash the Clerk's order (DE #103), the motion was denied (DE #104), and plaintiff appealed the denial to the Fourth Circuit (DE #128). The appeal is pending. There is, of course, no stay in place pending that appeal.

4

respond pending ruling on dispositive motions they filed (DE #106, 110), and these motions are addressed by an order entered contemporaneously herewith. There is no indication in the record that the remaining Nationwide defendants–Hogge, Martin, and Henley–failed to meet the 28 October 2007 response deadline.

Plaintiff's motion also errs in proposing default as an appropriate sanction for the tardiness he alleges. Default is a harsh sanction that is ordinarily to be used only after the wrongful party has been warned of its possible imposition, other lesser sanctions have proved ineffective, and the opposing party has been materially prejudiced by the wrongful party's conduct. *See Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40-41 (4th Cir. 1995). None of these factors are present here. Therefore, even if the interrogatory responses had been tardy, entry of default would have been far too severe a sanction for such a violation.

Rule 37(a)(5)(B) provides that if a motion subject to it is denied the court shall require the moving party to pay the costs, including attorney's fees, of the opposing party in resisting the motion unless the court finds that the motion was substantially justified or other circumstances make an award of expenses unjust. The court finds that plaintiff's motion was not substantially justified, either factually or legally. Nevertheless, the court in its discretion declines to impose costs on plaintiff. The court reminds plaintiff that his pro se status does not give him license to ignore the rules applicable to this action.

## CONCLUSION

For the foregoing reasons, it is recommended that plaintiff's motion for default be DENIED and that each party shall bear its own costs with respect to the motion.

The Clerk shall send copies of this Memorandum and Recommendation to plaintiff and counsel for defendants who have ten business days, or such other period as may hereafter be ordered by the court, to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Judge.

This the 25th day of February, 2008.

James E. Gates
United States Magistrate Judge